1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **DISTRICT OF NEVADA**
8 * * *
9 YASIR MEHMOOD et al.,                    Case No. 2:16-cv-00417-APG-CWH
10                            Petitioners,      **SCREENING ORDER**
11        v.
12 U.S. MARSHALS SERVICES,
13                            Respondent.
14

15        Petitioners Yasir Mehmood, Cameron Bell, Charles Cooper III, Dominque Wells,

16 and Omar Qazi are federal pretrial detainees housed at the Nevada Southern Detention

17 Center ("NSDC").[1]   (ECF No. 1-1 at 1).   Petitioners have filed a petition for writ of

18 mandamus under 28 U.S.C. § 1361 and three motions to render judgment on the

19 petition.   (ECF No. 1-1, 3, 4, 5).   Petitioner Mehmood has filed two applications to

20 proceed *in forma pauperis.*   (ECF No. 1, 2).

21 **I.      PETITION FOR WRIT OF MANDAMUS**

22        In the petition for writ of mandamus, Petitioners allege the following:  Petitioners

23 seek an order directing the U.S. Marshals to provide all five petitioners the 31 legal

24 books listed in the petition, access to five free phone calls per day, and 40 hours per

25 week law library access.   (ECF No. 1-1 at 1, 4).   Petitioners are in the middle of their

26

27        [1]  The NSDC, a Corrections Corporation of America facility located in Pahrump, Nevada, contracts with the the U.S. Marshal's Service for federal pretrial detention.  *See* CCA  at  http://www.cca.com/facilities/nevada-southern-detention-center  (last  visited  on June  29,  2016);  *see  also*  U.S.  Marshals  Service  at http://www.usmarshals.gov/prisoner/index.html (last visited on June 29, 2016).

28

1   criminal cases and do not have a meaningful opportunity to prepare for their defense.

2   (*Id.* at 1).  They are asserting their right to self-representation in their criminal cases and

3   have not been given the opportunity to contact others for assistance.  (*Id.*)  Petitioners'

4   due process rights have been violated because there are no law books in the law

5   library, their telephone use is restricted through the commissary, they have inadequate

6   time in the law library, and they are not entitled to free legal photocopies or legal mail.

7   (*Id.*)  Petitioners cannot call public law libraries, investigators, paralegals, or expert

8   witnesses because there is no telephone book in the facility.  (*Id.*)  The U.S. Marshals

9   have an obligation "to provide law books and other tools to prepare the defense and to

10  review discovery."  (*Id.* at 2).    Petitioners specifically seek:  (a) the 31 law books

11  specified in the petition;  (b) law library access for 40 hours per week;  (c) five free legal

12  phone calls per day;  (d) lined pleading paper;  (e) 300 free legal photocopies per week;

13  (f) free stationary supplies such as flex pen, pencils, erasers, pencil sharpeners,

14  highlighters, and correction tape;  or (g) to be transferred to any Bureau of Prisons

15  facility which follows proper rules and regulations for legal access.  (*Id.* at 3-4).

16         Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction

17  of any action in the nature of mandamus to compel an officer or employee of the United

18  States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus relief

19  is only available to compel an officer or agency of the United States to perform a duty if:

20  (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so

21  plainly prescribed as to be free from doubt; and (3) no other adequate remedy is

22  available.  *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

23         The Court denies Petitioners' petition for writ of mandamus because Petitioners

24  have not satisfied the three-part mandamus test.  First, Petitioners have not established

25  that their claims to their specified legal supplies and specified law library access and

26  materials are clear and certain.  *See Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir.

27  1985) (holding that "a [criminal] defendant who chooses to represent himself does not

28  have a due process right of access to a court maintained library, so long as he is

1  afforded some alternative means for assistance in the preparation of his defense" but

2  debating what constitutes alternative means for assistance).

3       Second, Petitioners have not established that the U.S. Marshals Service has a

4  ministerial duty to give Petitioners the requested legal supplies and law library access.

5  Although Petitioners cite to three federal statutes—18 U.S.C. § 3142, 18 U.S.C. § 4002,

6  and 18 U.S.C. § 4013—these statutes do not speak to the availability of legal materials.

7       Finally, the Court finds that Petitioners have the ability to file a 42 U.S.C. § 1983

8  complaint and seek injunctive relief against the employees of the NSDC for the lack of

9  reasonable access to the resources necessary to prepare for their defense.[2]   As such,

10  the Court denies the petition for writ of mandamus (ECF No. 1-1) and the motions to

11  render judgment on the petition (ECF No. 3, 4, 5).   However, the Court will treat the

12  petition as a § 1983 complaint and screen the petition as if it were filed as a § 1983

13  complaint.

14  **II.   SCREENING STANDARD**

15       Federal courts must conduct a preliminary screening in any case in which a

16  prisoner seeks redress from a governmental entity or officer or employee of a

17  governmental entity.   *See* 28 U.S.C. § 1915A(a).   In its review, the court must identify

18  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

19  claim upon which relief may be granted or seek monetary relief from a defendant who is

20  immune from such relief.   *See* 28 U.S.C. § 1915A(b)(1),(2).   *Pro se* pleadings, however,

21  must be liberally construed.   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

22  Cir. 1990).   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

23  essential elements: (1) the violation of a right secured by the Constitution or laws of the

24  United States, and (2) that the alleged violation was committed by a person acting

_____

26  [2]  Although the Supreme Court has limited an inmate's ability to bring a *Bivens*
damages action against a private entity under contract with the federal government and
its employees, the Supreme Court has acknowledged an inmate's ability to bring a suit
27  to federal court for injunctive relief against the federally contracted private entity.   *See*
*Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (holding that inmates have full
28  access to remedial mechanisms established by the federal agency, including suits in
federal court for injunctive relief).

1   under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2        In addition to the screening requirements under § 1915A, pursuant to the Prison

3   Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the

4   allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a

5   claim on which relief may be granted, or seeks monetary relief against a defendant who

6   is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for

7   failure to state a claim upon which relief can be granted is provided for in Federal Rule

8   of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when

9   reviewing the adequacy of a complaint or an amended complaint.  When a court

10  dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

11  complaint with directions as to curing its deficiencies, unless it is clear from the face of

12  the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*

13  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

14       Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See*

15  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for

16  failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of

17  facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*,

18  175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true

19  all allegations of material fact stated in the complaint, and the court construes them in

20  the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957

21  (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards

22  than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

23  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a

24  plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v.*

25  *Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause

26  of action is insufficient.  *Id.*

27       Additionally, a reviewing court should "begin by identifying pleadings [allegations]

28  that, because they are no more than mere conclusions, are not entitled to the

1    assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal

2    conclusions can provide the framework of a complaint, they must be supported with

3    factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court

4    should assume their veracity and then determine whether they plausibly give rise to an

5    entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for

6    relief . . . [is] a context-specific task that requires the reviewing court to draw on its

7    judicial experience and common sense." *Id.*

8          Finally, all or part of a complaint filed by a prisoner may therefore be dismissed

9    *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This

10   includes claims based on legal conclusions that are untenable (e.g., claims against

11   defendants who are immune from suit or claims of infringement of a legal interest which

12   clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

13   fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

14   (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15   **III.    SCREENING OF COMPLAINT**

16         The Court interprets Petitioners' allegations as a claim to the right to self-

17   representation under *Faretta v. California*, 422 U.S. 806 (1975).  In *Milton v. Morris*, the

18   Ninth Circuit held that "a defendant who exercises his right, under *Faretta*, to conduct

19   his own defense [does not] subject himself to the possibility that he will have, through

20   circumstances wholly beyond his control, no opportunity to prepare that defense."

21   *Milton v. Morris*, 767 F.2d 1443, 1445 (9th Cir. 1985).  Although an incarcerated

22   defendant may not meaningfully exercise his right to represent himself without access to

23   law books, witnesses, or other tools to prepare a defense, this right is not unlimited and

24   must be considered in light of security and avoidance of abuse.  *Id.* at  1446.

25         The Court dismisses the case, without prejudice, for each petitioner to file his

26   own complaint which provides allegations specific to that petitioner.  The allegations, as

27   presented in the petition for writ of mandamus, lack the necessary details to proceed in

28   a § 1983 action.  In filing their individual complaints, each petitioner should allege what

legal resources they have access to, what legal resources they need and why, who at NSDC have they contacted about this issue and the responses, and whether Petitioners have filed motions seeking specific legal resources in their own individual criminal cases.  The Court finds that these allegations will be specific to each petitioner and directs Petitioners to file individual § 1983 civil rights complaints and individual applications to proceed *in forma pauperis* in their own individual lawsuits.  As such, the Court denies Petitioner Mehmood's applications to proceed *in forma pauperis* (ECF No. 1, 2) as moot.

IV.   **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the applications to proceed *in forma pauperis* (ECF No. 1, 2) are denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the petition for writ of mandamus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the petition for writ of mandamus (ECF No. 1-1) is denied.

**IT IS FURTHER ORDERED** that the motions to render judgment on the petition (ECF No. 3, 4, 5) are denied.

**IT IS FURTHER ORDERED** that Petitioners shall not file any more documents in this case.  If Petitioners choose to pursue individual 42 U.S.C. § 1983 civil rights lawsuits based on the allegations in the petition, they may do so by individually filing their own § 1983 complaints and applications to proceed *in forma pauperis* in their own individual cases.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send each petitioner the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the petition for writ of mandamus (ECF No. 1-1).  If Petitioners choose to file their own individual complaints, they must use the approved form.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send each petitioner the approved form application to proceed *in forma pauperis* by a prisoner, as well as the

1    document entitled information and instructions for filing an *in forma pauperis* application.

2          **IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to close this

3    case and enter judgment accordingly.

4         Dated:  June 30, 2016.

5

6                                 UNITED STATES DISTRICT JUDGE